UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARTHUR GREEN,

        Plaintiff,        FILE NO. 2:08-CV-101

v.        HON. ROBERT HOLMES BELL

ENID LIVINGSTON et al.,

        Defendants.
                                      /

## OPINION ADOPTING REPORT AND RECOMMENDATION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge for screening, pursuant to 28 U.S.C. §1915A and 42 U.S.C. § 1997e(c). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this Court dismiss the action for failure to state a claim. The matter presently is before the Court on Plaintiff's objections to the R&R (docket #3). For the reasons that follow, Plaintiff's objections are granted in part and denied in part, and the R&R is adopted in part and rejected in part.

### I.

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

A complaint may be dismissed for failure to state a claim if "'it fails to give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff 's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is

a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## II.

In his complaint, Plaintiff complains that he has been denied parole and was given an excessively long continuance on the basis of his race (Caucasian) in violation of his rights under the Equal Protection Clause. He also alleges that the denial of parole was based on inaccurate information, in violation of his rights under the Due Process Clause. The Magistrate Judge rejected his due process claim on the ground that he possessed no liberty interest in parole. In addition, the Magistrate Judge concluded that Plaintiff was not entitled to strict scrutiny of his equal protection claim and that he failed to allege an equal protection violation under the rational basis test. Plaintiff objects to both conclusions.

Upon review, the Court finds no error in the Magistrate Judge's determination that Plaintiff has no liberty interest in his parole that is protected by the Due Process Clause. The Court therefore adopts that portion of the R&R addressing the due process claim.

The Court, however, rejects the Magistrate Judge's analysis of the equal protection claim. Nevertheless, applying the applicable standards for analyzing claims of race discrimination, the Court agrees that Plaintiff has alleged insufficient facts to support an equal protection claim that is plausible on its face. *Twombly*, 550 U.S. at 570.

To succeed on an equal protection claim under 42 U.S.C. § 1983, a plaintiff must

allege and show that a government actor took adverse action against the Plaintiff "with a discriminatory intent and purpose." *See, e.g., Goller v. Ohio Dep't of Rehab. & Corr.*, 285 F. App'x 250, 255 (6th Cir. 2008) (addressing a reverse discrimination claim under Title VII); *Sutherland v. Mich. Dept. of Treasury*, 344 F.3d 603, 614 (6th Cir. 2003) (addressing an employment claim under § 1983). Plaintiff alleges that Defendants discriminated against him on the basis of race. Plaintiff, however, does not allege direct evidence of discrimination. *See Rowan v. Lochheed Martin Energy Sys., Inc.*, 360 F.3d 544, 548 (6th Cir. 2004) (direct evidence is "evidence that proves the existence of a fact without requiring any inferences"). Instead, Plaintiff relies upon inferences from the circumstantial evidence that other, similarly situated, non-white prisoners were paroled while he was not.

The federal courts have adopted a clear analytical framework governing disparate treatment cases based on circumstantial evidence. *See, e.g., Sutherland*, 344 F.3d at 614 (recognizing the applicability to § 1983 cases of the framework first set forth in the Title VII cases of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-52 (1981)). Under the first step of that framework, the plaintiff bears the burden of setting forth a *prima facie* case, which gives rise to an inference of discrimination. *Id.* Applying that framework to the parole context, to set forth a *prima facie* case of discrimination, Plaintiff must allege: (1) that he is a member of a protected class; (2) he was qualified for release on parole; (3) he was denied parole; and (4) other similarly situated persons who were not members of the protected class were treated

differently. *See id.*; *Grizzell v. City of Columbus Div. of Police*, 461 F.3d 711, 719 (6th Cir. 2006). "Additionally, in cases of reverse discrimination where, as here, plaintiffs are not members of a protected class, [the Sixth Circuit] has held that the plaintiff must demonstrate background circumstances to support the suspicion that the defendant is that unusual [governmental actor] who discriminates against the majority." *Grizzell*, 461 F.3d at 719 (internal quotations omitted); *see also Sutherland*, 344 F.3d at 614-15.

Plaintiff has not alleged a *prima facie* case of racial discrimination. Accepting as true that the other individuals he has identified were similarly situated to him and that he was qualified for parole, he is not a member of a protected class, and he has identified no background circumstances supporting a conclusion that Defendant parole board members are those unusual governmental actors who discriminate against the majority. *See Grizzell*, 461 F.3d at 719. As a result, has not alleged a *prima facie* case of race discrimination. Without more, his allegations support a "mere possibility" that the Defendants have acted unlawfully. *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). As the Court previously discussed, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2). Plaintiff therefore fails to allege facts supporting his allegations of race discrimination.

Plaintiff next asserts that, even if his race was not a factor, he states an equal protection claim because the parole board's actions in denying parole and continuing him for

24 months until his next review were arbitrary and capricious. Plaintiff objects to the analysis of rational basis review applied by the Magistrate Judge.

Under the Equal Protection Clause, a state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Assuming that no race discrimination is alleged, Plaintiff would not be a member of a suspect class because "prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog,* 411 F.3d 615, 619 (6th Cir. 2005); *see also Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir.1998). In addition, prisoners do not have a fundamental right to parole under the Constitution. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1 (1979).

Where neither a fundamental right nor a suspect class is at issue, the rational basis review standard applies. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby,* 470 F.3d 286, 298 (6th Cir. 2006). "Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Id.* (quoting *Warren v. City of Athens,* 411 F.3d 697, 710 (6th Cir. 2005)). To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational

basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In addition, the Court's determination in this case must be made in light of the constant admonition by the Supreme Court that the problems of prison administration are peculiarly for resolution by prison authorities and their resolution should be accorded deference by the courts. *See Washington v. Harper*, 494 U.S. 210, 224 (1990); *Turner v. Safley*, 482 U.S. 78, 84-96 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979); *Jones v. N.C. Prisoners' Labor Union*, 433 U.S. 119, 125-126 (1977).

"The purpose of parole is to keep a prisoner in legal custody while permitting him to live beyond the prison enclosure so that he may have an opportunity to show that he can refrain from committing crime." *People v. Gregorczyk*, 443 N.W.2d 816, 821 (Mich. Ct. App. 1989) (internal quotations omitted). Protection of public safety is a stated purpose of Michigan's parole statutes. *Hopkins v. Mich. Parole Bd.*, 604 N.W.2d 686, 689 (Mich. Ct. App. 1999) ("First and foremost, [the Parole Board] may not grant a prisoner liberty on parole until it 'has reasonable assurance, after consideration of all of the facts and circumstances, including the prisoner's mental and social attitude, that the prisoner will not become a menace to society or to the public safety'") (quoting MICH. COMP. LAWS § 791.233(1)(a)). Preventing the early release of potentially violent inmates is a legitimate governmental interest. *See Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998) (affirming rejection of equal protection challenge raised by § 2241 petitioner; Bureau of

Prisons rule which provided that inmates having prior convictions for homicide, forcible rape, robbery, or aggravated assault were not eligible for early release was "rationally related to the legitimate governmental interest of preventing the early release of potentially violent inmates").

Plaintiff alleges that other second-degree-murder offenders who had identical or worse disciplinary records and who, according to Plaintiff, did not accept their responsibility as well as he, were paroled. Plaintiff's own allegations, however, indicate that the Parole Board differed with his assessment regarding his acceptance of responsibility and understanding of the offense. The mere fact that Plaintiff disagrees with the Parole Board's conclusion about his understanding of his offense does not make the Board's determination on the issue irrational. In addition, Plaintiff expressly indicates that the Parole Board was concerned with the seriousness of the particular facts of his underlying offense. There are numerous factors and considerations used by the Michigan Parole Board in determining whether parole is appropriate. Consideration of the nature of particular offense of an inmate is clearly rational and not arbitrary. Further, Plaintiff has made no allegations that members of the parole board have acted on the basis of personal animus or other irrational factors. He merely argues that he did not receive parole while others convicted of the same offense were paroled or received shorter continuances before reconsideration for parole. Such allegations fail to demonstrate a plausible claim of intentional discrimination. Instead, his allegations suggest a mere possibility that the Defendants have acted unlawfully. *Ashcroft*, 129 S. Ct.

at 1949 (citing *Twombly*, 550 U.S. at 556).

Finally, the Supreme Court recently has recognized that rational basis scrutiny is not properly applied to employment decisions and other discretionary decision making:

> There are some forms of state action, however, which by their nature involve discretionary decisionmaking [sic] based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.

*Engquist v. Oregon Dep't of Agr.*, 128 S. Ct. 2146, 2154 (2008). Parole considerations are the type of discretionary decisions discussed in *Engquist* that typically are "subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify." *Id.* Discretion to grant parole is squarely lodged with the Parole Board. *See Sweeton v. Brown*, 27 F.3d at 1164-165 (noting the broad authority of the Michigan Parole Board to make discretionary decisions). Applying *Engquist*, even an arbitrary parole decision would not violate Petitioner's equal protection rights.[1]

---

[1] In an unpublished decision, the Sixth Circuit has questioned the applicability of *Engquist* to contexts other than governmental employment decisions. *See Franks v. Rubitschun*, 312 F. App'x 764, 76 (6th Cir. 2009). Numerous other courts, however, have applied the case to other contexts. *See Ponterio v. Kaye*, No. 07-4300, 2009 WL 1024666, at *2 (2d Cir. Apr. 16, 2009) (citing cases and applying *Engquist*, 128 S. Ct. at 2151, to a prisoner equal protection claim challenging the fairness of state proceedings); *Adams v. Meloy*, 287 F. App'x 531, 534 (7th Cir. 2008) (applying *Engquist* to parole context); *Siao-Pao v. Connolly*, 564 F. Supp. 232, 245 (S.D.N.Y 2008) (same).

## III.

Having considered each of Plaintiff's objections and finding no error, the Court hereby grants in part and denies in part Plaintiff's objections, and adopts in part and rejects in part the Report and Recommendation of the Magistrate Judge. A Judgment consistent with this Opinion shall be entered.

Dated: June 19, 2009                                        /s/ Robert Holmes Bell
                                                            ROBERT HOLMES BELL
                                                            UNITED STATES DISTRICT JUDGE